Ann Jacquot
Jacquot Law PLLC
7671 N. 4th Street
Dalton Gardens, ID 83815
208-209-6399
ann@idahoattorney.pro
www.idahoattorney.com
Idaho State Bar No. 7642

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL LAMBETH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| GC SERVICES, LP, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, DANIEL LAMBETH ("Plaintiff"), through his attorney, Jacquot Law PLLC, alleges the following against Defendant, GC SERVICES, LP ("Defendant").

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k of the FDCPA.

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is an individual who resides in Nampa, Canyon County, Idaho.

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*.

7. Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency headquartered in Houston, Harris County, Texas.

11. Defendant is a business entity engaged in debt collection in Idaho.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect a consumer debt from Plaintiff.

17. Plaintiff's alleged debt owed arises from transactions for personal, family, and household

purposes.

18. Within in the last year, Defendant was hired to collect on Plaintiff's alleged debt.

19. As part of its collection efforts, Defendant placed collection calls to Plaintiff on Plaintiff's cell phone at 208-412-61xx.

20. Within the last year, Defendant left voicemail messages for Plaintiff in an attempt to collect a debt. *See* Defendant's transcribed voicemail messages attached as Exhibit A.

21. Defendant's voicemail messages for Plaintiff failed to state that the communication is an attempt to collect a debt. *See* Exhibit A.

22. Defendant's voicemail message requested a return call at 1-800-644-5272, extension 3024 and extension 3026, a telephone number belonging to Defendant.

23. Defendant's employees that left the voicemail messages transcribed in Exhibit A communicated with Plaintiff in an attempt to collect an alleged debt from Plaintiff.

24. Defendant's employees that left the voicemail messages transcribed in Exhibit A were working within the scope of their employment when they communicated with Plaintiff in an attempt to collect an alleged from debt from Plaintiff.

25. Within the last year, Plaintiff spoke with Defendant's collectors.

26. Defendant's collectors were rude and harassed Plaintiff, by telling Plaintiff to get a job and pay his bills.

27. Defendant also called Plaintiff's wife on her cell phone, and harassed Plaintiff's wife over the alleged debt.

28. Despite knowing Plaintiff's location information, Defendant also called Plaintiff's brother regarding Plaintiff's alleged debt.

29. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owed.

30. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

31. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

32. Defendant used unfair and unconscionable means to collect on Plaintiff's alleged debt, by calling third parties, and speaking to Plaintiff in an offensive and verbally abusive manner.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

33. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(b)* of the FDCPA by communicating, in connection with the collection of any debt, with Plaintiff's brother.

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

    c. Defendant violated *§1692e* of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt.

    d. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt.

    e. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

    f. Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff, DANIEL LAMBETH, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

34. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

35. Actual damages, pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

36. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

37. Any other relief that this Honorable Court deems appropriate.

                              RESPECTFULLY SUBMITTED,

February 15, 2013                   By: /s/ Ann Jacquot_____
                                          Ann Jacquot
                                          Jacquot Law PLLC
                                          7671 N. 4th Street
                                          Dalton Gardens, ID 83815
                                          208-209-6399
                                          ann@idahoattorney.pro
                                          www.idahoattorney.com
                                          Idaho State Bar No. 7642

# **<u>EXHIBIT A</u>**

This is for Daniel Lambeth. My name is Mars [inaudible] from GC Services. It is important that you give me a call back at 1-800-644-5272, at extension 3024. Once again, 1-800-644-5272, extension 3024.

This is for Daniel Lambeth. My name is [inaudible]. Please call me back at 1-800-644-5272, at extension 3026. [Inaudible]…GC Services. Thank you.